### PEOPLE'S GUARANTY & INDEMNITY CO. v. DOERNBERG.

(Supreme Court, Appellate Term.   March, 1902.)

**CONTRACTS—PAROL EXPLANATION—SUBJECT-MATTER INVOLVED—EVIDENCE.**

Plaintiff sued for services in procuring a reduction of an assessment made in proceedings for the opening of a certain street. Defendant contended that plaintiff was only retained to represent her in proceedings for the opening of a different street. The written contract authorized defendant to represent plaintiff for the purposes mentioned in an annexed schedule, which merely stated in general terms the rates charged for representing property owners in procuring reductions of assessments in street-opening proceedings. Defendant testified that it was orally agreed that the contract only related to the street as claimed by her, and this evidence was uncontradicted. Held, that evidence that proceedings for the opening of the street to which defendant claimed that the contract related were pending, at the time the contract was made, was improperly excluded.

Appeal from municipal court, borough of Manhattan.

Action by the People's Guaranty & Indemnity Company against James Doernberg. From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Ernest Hall, for appellant.
Adolph C. Hottenroth, for respondent.

GIEGERICH, J.   The plaintiff brings this action to recover $71.-81, being, so it is claimed, the agreed compensation for procuring a reduction of an assessment made upon the defendant's property in East One Hundred and Sixty-Third street.

One defense set up was that the defendant retained the plaintiff to represent her in proceedings for the opening of Trinity avenue, but not in the proceedings for opening One Hundred and Sixty-Third street. The plaintiff relies upon a written contract in the following terms:

"The undersigned, owner of the real estate described in Schedule A, hereby authorizes The People's Guaranty & Indemnity Company to act as my agent or attorney in fact to take charge of said real estate for the purposes and upon the terms or rates contained in schedule B. Jennie Doernberg, address 844 East 163 St. Location of property bet. Cauldwell & Trinity Av."

"Schedule A. Ward 23, 2631 block, or Map No. 569, Ward No. 15."

"Schedule B. Rates.   (1) In street opening or widening matters or other condemnation proceedings at the following rates of percentage of the award obtained: 10 per cent. on the first $1,000 and any fraction thereof; 7 per

cent. on each additional $1,000 and any fraction thereof up to $5,000; 5 per cent. on each additional $1,000 and any fraction thereof up to $10,000. Where the ward exceeds $10,000, special rates will be made. (2) On awards for damages by reason of the changes in the grade of streets and avenues at the following rates of percentage of the award obtained: 25 per cent. on the first $1,000 and any fraction thereof; 10 per cent. on each additional $1,000 and any fraction thereof. (3) For reducing assessments for all local improvements: 25 per cent. on the first $1,000 reduction and any fraction thereof; 10 per cent. on each additional $1,000 reduction and any fraction thereof.

"Note: No charge whatsoever is to be made unless an award or a reduction of assessment or taxes is obtained."

There is plainly nothing in the very general terms of this contract that is inconsistent with the defendant's claim that it was orally stated to her by the person who procured her signature to the contract that it related to Trinity avenue. The trial justice allowed her to testify that such statement was made, but he did not allow evidence that proceedings were at that time being had on Trinity avenue. Since the defendant's testimony was uncontradicted, and as all the evidence offered on the point was not admitted, the judgment should be reversed. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to appellant to abide event. All concur.